IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JACK REHM                                                                                                            PLAINTIFF

v.                                    CIVIL ACTION NO. 3:23-CV-298-SA-JMV

ROBINSON PROPERTY GROUP, LLC d/b/a
HORSESHOE TUNICA and THE SERVICE
COMPANIES, INC.                                                     DEFENDANTS

ORDER

On June 5, 2023, Jack Rehm initiated this civil action by filing his Complaint [2] against Robinson Property Group, LLC and The Service Companies, Inc. (collectively "the Defendants") in the Circuit Court of Tunica County, Mississippi. On August 8, 2023, the Defendants filed a Notice of Removal [1], premising federal jurisdiction on the basis of diversity. On November 3, 2023, Rehm filed a Motion to Remand [31], arguing that there is not complete diversity of citizenship. The Court is prepared to rule.

*Relevant Factual Background*

The case arises from a slip and fall incident at Horseshoe Tunica Casino in Tunica, Mississippi. On August 14, 2020, Jack Rehm was visiting the Horseshoe Tunica Casino when he slipped and fell in the restroom allegedly due to a slippery substance on the floor.

In his Motion to Remand [19], Rehm argues that there is not complete diversity because one of the LLCs in the ownership lineage for Robinson Property Group, LLC is a "stateless" LLC and incapable of establishing federal diversity jurisdiction.[1] In response, the Defendants requested 60 days to conduct jurisdictional discovery related to the other LLCs in Robinson Property Group,

---

[1] Rehm raises no argument as to the lack of complete diversity with The Service Companies, Inc., only as to Robinson Property Group, LLC.

LLC's lineage. On September 22, 2023, Magistrate Judge Virden denied the Defendants' request for remand-related discovery and provided the Defendants 40 days to either respond to the Plaintiff's Motion to Remand [19] or move to amend the removal notice.

On September 28, 2023, the Defendants filed a Motion for Leave to File Amended Notice of Removal [25]. On October 24, 2023, Judge Virden granted the Defendants' Motion [25] and terminated the Plaintiff's Motion to Remand [19] as MOOT. *See* [29].

On October 26, 2023, the Defendants filed an Amended Notice of Removal [30]. In their Amended Notice of Removal [30], the Defendants allege that New Robinson, LLC is the sole member of Robinson Property Group, LLC. New Robinson has two members: Horseshoe Gaming Holding, LLC and Horseshoe GP, LLC. Horseshoe GP, LLC's sole member is Horseshoe Gaming Holding, LLC.[2] Horseshoe Gaming Holding LLC's sole member is CEOC, LLC. CEOC, LLC's sole member is Caesars Entertainment Corporation, Inc. ("Caesars"). Caesars' state of incorporation is Delaware and its principal place of business is Nevada.

According to the Defendants, Robinson Property Group, LLC is a citizen of the state of the first member capable of establishing citizenship. Thus, the Defendants contend that complete diversity exists because Caesars (a member of one of Robinson Property Group, LLC's member's members) is a citizen of Delaware and Nevada and Rehm is a citizen of Missouri.

On November 3, 2023, Rehm filed his second Motion to Remand [31], arguing that the Defendants have incorrectly alleged the citizenship of Robinson Property Group, LLC because Caesars Entertainment Corporation, Inc. does not exist. The Defendants oppose the remand.

---

[2] Horseshoe Gaming Holding, LLC is a member of both New Robinson, LLC and Horseshoe GP, LLC.

*Analysis and Discussion*

As noted above, Rehm is seeking to remand this case on the basis that this Court does not have subject matter jurisdiction because Caesars (the entity that Robinson Property Group, LLC is using to establish its citizenship) does not exist.

The Court first notes that once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, since the Defendants filed the Notice of Removal [1], it is their burden to show that this Court has jurisdiction over this case.

Rehm contends that complete diversity does not exist because CEOC, LLC does not have any members and thus is stateless. In making this argument, Rehm relies on CEOC, LLC's annual report, which does not list Caesars. He further argues that even if Caesars was a member of CEOC, LLC, Caesars does not exist, thus rendering CEOC, LLC stateless. Rehm attached pages from both the Delaware and Nevada Secretary of State websites. According to the attachments from both websites, there is no entity incorporated in Delaware or headquartered in Nevada as the Defendants claim.

Simply put, Rehm asserts that Robinson Property Group, LLC's citizenship is determined by its members; however, Robinson Property Group, LLC cannot establish citizenship because CEOC, LLC is stateless, and therefore complete diversity does not exist.

Conversely, the Defendants take the position that complete diversity exists. According to them, CEOC, LLC is not stateless. CEOC, LLC's sole member is Caesars Entertainment Corporation, Inc. an entity incorporated in Delaware and headquartered in Nevada. Thus, as they put it, Robinson Property Group, LLC is a citizen of Delaware and Nevada, and complete diversity exists.

To support their position, the Defendants provide sworn testimony from Christine Viggiano, an employee of Caesars. In her affidavit, she states that she has personal knowledge of the business structure and that "CEOC, LLC's sole member is Caesars Entertainment Corporation, Inc.[,] a Nevada and Delaware Corporation at all relevant times, including in 2023." [34], Ex. 1 p. 1. Included with Viggiano's affidavit is what she contends to be a page from the Nevada Secretary of State's Office identifying Caesar Entertainment Corporation, Inc. as an entity incorporated in Delaware and headquartered in Nevada.

As to Rehm's argument that CEOC, LLC has no members listed on its annual report, the Defendants argue that Mississippi no longer requires an LLC to list its members on the annual report.[3]

In the Court's view, the corporate structure of Robinson Property Group, LLC and the existence of Caesars Entertainment Corporation, Inc. is unclear. On one hand, Rehm provides documentation that Caesars Entertainment Corporation, Inc. cannot be found as an existing entity on the Delaware or Nevada Secretary of State websites, nor is it listed as a member on CEOC, LLC's annual report. On the other hand, Viggiano, an employee of Caesars, provided sworn testimony that Caesars is the sole member of CEOC, LLC. Also, attached to Viggiano's affidavit is a document that identifies Caesars as an existing entity. However, the Court notes its concerns with the documentation. There is no date, timestamp, or website associated with the document. Although Viggiano provides sworn testimony that this document is from the Nevada Secretary of State's Office, there is no way for the Court to verify this information.

---

[3] The Court notes that the 2018, 2019, 2020, and 2021 annual reports attached the Defendants' Response [34] have Caesars listed as a member of CEOC, LLC. *See* [34], Ex. 3-6. However, on the 2022 and 2023 annual reports, Caesars is not listed as a member of CEOC, LLC. *See* [34], Ex. 7-8; *see also* [31], Ex. 9. Notably, the 2023 annual report attached to the Defendants' Motion [34], states that "at least 1 manager *or* member must be listed." [34], Ex. 8 (emphasis added).

What's more, the Court attempted to search for Caesars Entertainment Corporation, Inc. on both the Delaware and Nevada Secretary of State websites but was unable to locate an existing entity under that name on either site. However, the Court makes a noteworthy distinction. On the documentation attached to Viggiano's affidavit, the entity name is listed as "Caesars Entertainment, Inc." not "Caesars Entertainment Corporation, Inc."

As Rehm points out, if Caesars Entertainment Corporation, Inc. does not exist, then CEOC, LLC is stateless. A stateless entity destroys complete diversity of citizenship. *See Eagle TX I SPE, L.L.C. v. Sharif & Munir Enter., Inc.*, 602 F. App'x 576, 578 (5th Cir. 2015); *Nat'l WW II Museum, Inc. v. Talisman Cas. Ins. Co., LLC*, 2020 WL 563635, at *2 (E.D. La. Feb. 5, 2020) ("[B]ecause the citizenship of a limited liability company is the citizenship of its members at the time of filing, a company that has no members at that time is effectively stateless.") (internal quotations omitted).

The Fifth Circuit has held that "[i]t hardly bears repeating that control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary and clearly unreasonable." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)). Moreover, "the trial court's ability to control discovery is reflected in the Federal Rules, which enable the court, on motion or *sua sponte*, to limit discovery upon several determinations, such as if the burden or expense of the discovery outweighs its potential benefit, taking into consideration the specific issues before the Court and the importance of the discovery in deciding those issues." *Riverside Const. Co. v. Entergy Miss., Inc.*, 2013 WL 1776007, at *2 (S.D. Miss. Apr. 25, 2013).

Considering this, the Court will now permit the parties to conduct limited jurisdictional discovery necessary to determine the full and complete corporate structure of Robinson Property Group, LLC and to determine whether Caesars Entertainment Corporation, Inc. exists. As noted

above, since the Defendants filed the Notice of Removal [1], it is their burden to show that this Court has jurisdiction. Additionally, if the Defendants take the position that Caesars Entertainment, Inc. is the correct entity and the sole member of CEOC, LLC, and not Caesars Entertainment Corporation, Inc., then the Defendants should make that clear in their filings going forward.

*Conclusion*

For the reasons set forth above, the parties shall conduct limited jurisdiction related discovery. The Magistrate Judge will hold a status conference to set appropriate deadlines and parameters associated with the discovery. The Defendants shall have fourteen (14) days from the close of the limited discovery period to amend their Notice of Removal, if necessary. Rehm will thereafter be afforded thirty (30) days to file a Motion to Remand, if he chooses to do so. Rehm's Motion to Remand [31] is DENIED AS MOOT.

SO ORDERED, this the 2nd day of April, 2024.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE